## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MICHAEL GARRETT,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Cause No. 2:13cv70** |
| | § | |
| **RICK THALER, Director, TDCJ-CID, ET AL.,** | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Michael Garrett is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas.  On March 13, 2013, he filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that Director Thaler, Regional Director Eileen Kennedy, and Senior Wardens Currie and Monroe, TDCJ-CID officials, have violated his Constitutional rights in various ways (D.E. 1).  Pending is plaintiff's motion for appointment of counsel (D.E. 4).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance.  Bounds v. Smith, 430 U.S. 817, 829 (1977).  There is, however, no constitutional right to appointment of counsel in civil rights cases.  Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create  a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996).  It is within the Court's discretion to appoint

counsel, unless the case presents "exceptional circumstances," thus requiring the appointment.  28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel.  Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)).  The first is the type and complexity of the case.  Id.  Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  Plaintiff's pleadings demonstrate that he is reasonably intelligent and articulate.  His case will be scheduled for an evidentiary hearing where these factors can be further evaluated.  He appears, at this stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  Examination of this factor is premature.  Plaintiff has not yet paid the filing fee or submitted a completed in forma pauperis application.  If plaintiff's claims survive initial screening and summary judgment and a trial is ordered, this factor will be considered.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel.  In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court has the authority to award attorneys' fees to a prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney

2

on a contingent-fee arrangement.  Plaintiff's motion for appointment of counsel (D.E. 4) is denied without prejudice at this time.  This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 13th day of March, 2013.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE