UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL GARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-70 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER DENYING
## SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, currently assigned to the McConnell Unit in Beeville, Texas. Proceeding *pro se* and *in forma pauperis,* plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that Defendant Director Stephens has designed a schedule that deprives him of sleep in violation of his Constitutional Rights under the Eighth Amendment (D.E. 1, 29). Pending is plaintiff's second motion for appointment of counsel (D.E. 59).

In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Further,

*Bounds* did not create a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 116 S. Ct. 2174, 2180 (1996).  It is within the court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment.  28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel.  *Jackson v. Dallas Police Department*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)).  The first is the type and complexity of the case.  <u>Id.</u>  This case is not complex.  According to Plaintiff, his health has suffered because he experiences sleep deprivation due to the TDCJ's schedule, which fails to allow him adequate sleep time.  Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  *Id.*  Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent.  His testimony during an evidentiary hearing revealed that he understands his claim and can investigate and present his case.  Plaintiff appears, at this early stage of the case, to be in a position to adequately investigate and present his case.  In his request for counsel, Plaintiff complains of inadequate law library time, but that does not appear to be relevant at this point.  There is a motion for summary judgment for failure to exhaust pending (D.E. 50).  Plaintiff filed his response without complaining about

inadequate time to conduct law library research.  If the case survives summary judgment, the issue of additional law library time will be addressed.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  *Id.*  Examination of this factor is premature because the case has not yet been set for trial.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court has the authority to award attorneys' fees to a prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.  Plaintiff's second motion for appointment of counsel (D.E. 59) is denied without prejudice at this time.  This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 10th day of September, 2014.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE