UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL GARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-70 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Michael Garrett is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the McConnell Unit in Beeville, Texas. In this § 1983 action, Plaintiff challenges as unconstitutional the TDCJ's 24-hour security schedule alleging that it deprives him of adequate sleep in violation of the Eighth Amendment. (D.E. 1).

Plaintiff moves for summary judgment on his sleep deprivation claim. (*See* D.E. 34, 49). Defendant William Stephens has filed a motion for summary judgment to dismiss Plaintiff's claims for failure to exhaust administrative remedies, arguing that Plaintiff failed to properly exhaust his claim because he did not file a Step 2 appeal with prison officials. (D.E. 50). Plaintiff has filed two responses in opposition to Defendant's summary judgment motion (D.E. 58, 64), to which Defendant has filed two replies (D.E. 60, 65), and Plaintiff has also filed a motion for sanctions against Defendant. (D.E. 66). For the reasons stated herein, it is respectfully recommended that the Court grant

Defendant's motion for summary judgment and dismiss Plaintiff's lawsuit for failure to exhaust his administrative remedies, and that Plaintiff's motion for sanctions be denied.

### I. Jurisdiction.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

### II. Procedural background and Plaintiff's allegations.

On March 13, 2013, Plaintiff filed his original complaint alleging: (1) the 24-hour security schedule of the McConnell Unit deprived him of adequate sleep in violation of his Eighth Amendment right to be free from cruel and unusual punishment; (2) surveillance cameras in the shower area violated his right of privacy under the Fourth Amendment; (3) the McConnell Unit had failed to make structural modifications to the bathrooms and showers in violation of the Americans with Disabilities Act (ADA); and (4) the McConnell Unit's failure to make ADA accommodations violated his right to equal protection. (*See* D.E. 1). Plaintiff named the following individuals as defendants: (1) Rick Thaler,[1] TDCJ-CID Director; (2) Eileen Kennedy, Region IV Director; (3) McConnell Unit Senior Warden Currie; (4) Assistant Warden Monroe; and (5) John and Jane Does identified on the McConnell Unit's I-218 Employee Log Book and assigned to 18 and 19 Dorm, including any officers from other prison units. *Id.* at 3.

---

[1] Rick Thaler was the former TDCJ-CID Director. At the May 21, 2014 telephone conference following remand, the current director, William Stephens, was substituted in as the proper party defendant.

Plaintiff consented to proceed before the undersigned United States magistrate judge (D.E. 10), and on April 30, 2013, a *Spears*[2] hearing was conducted to afford Plaintiff an opportunity to better detail and explain his claims.

On May 7, 2013, the undersigned entered an Opinion and Order of Dismissal dismissing with prejudice all of Plaintiff's claims for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915e(2)(B)(ii) and 1915A(b)(1). (*See* D.E. 16).

On May 24, 2013, Plaintiff filed a Notice of Appeal. (D.E. 18).

By Order issued as mandate dated April 23, 2014, the Fifth Circuit reversed the dismissal of Plaintiff's Eighth Amendment sleep deprivation claim, and affirmed the dismissal of his Fourth Amendment, ADA and equal protection claims. (*See* D.E. 29, p. 2).

On May 21, 2014, the Court held a second *Spears* hearing to specifically address Plaintiff's Eighth Amendment sleep deprivation claim. It was determined that the 24-hour schedule was set by TDCJ policy such that the TDCJ-CID Director, William Stephens, was the proper party defendant to provide prospective injunctive relief should Plaintiff prevail on his claims,[3] and service was ordered on Mr. Stephens that same day. (D.E. 31).

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

[3] Plaintiff is seeking injunctive relief only and not monetary damages.

On June 16, 2014, Plaintiff filed his first motion for summary judgment. (D.E. 34).

On June 17, 2014, Defendant Stephens filed his Answer. (D.E. 36).

On August 1, 2014, Plaintiff filed his second motion for summary judgment including a copy of the McConnell Unit's 24-hour Building Schedule. (D.E. 49).

On August 7, 2014, Defendant Stephens filed his Motion for Summary Judgment Limited to the Defense of Exhaustion of Administrative Remedies. (D.E. 50).

On September 2, 2014, Plaintiff filed his response to Defendant's summary judgment motion, (D.E. 58), and on September 3, 2014, Defendant filed a reply to Plaintiff's response, (D.E. 60).

On September 15, 2014, Plaintiff filed a second summary judgment response (D.E. 64), to which Defendant filed a second reply, (D.E. 65).

On September 19, 2014, Plaintiff filed a motion for sanctions against Defendant arguing that Defendant's summary judgment motion is groundless because Plaintiff filed both a Step 1 and a Step 2 grievance concerning his Eighth Amendment sleep deprivation claim. (D.E. 66).

### III.  Summary judgment evidence and arguments.

In support of his motion for summary judgment, Defendant offers a copy of a Step 1 grievance, Grievance No. 2011222606, dated August 19, 2011, in which Plaintiff complains that the 24-hour security schedule is adversely affecting his ability to sleep. (*See* D.E. 50-1, pp. 2-3). Grievance No. 2011222606 was returned to Plaintiff unprocessed with the notation: "The issue presented is not grievable." (*See* D.E. 50-1, p.

3). Defendant next offers copies of *all* Step 2 grievances filed by Plaintiff between January 2011 through January 2013 and points out that not a single Step 2 grievance filed during this time frame relates to Grievance No. 2011222606 nor in any other way addresses or raises the sleep deprivation claim. (*See* D.E. 50-2, pp. 2-23).

In his first summary judgment response, Plaintiff offers in rebuttal a copy of a Step 1 grievance, Grievance No. 2009221314, dated August 28, 2009, in which he complained that the McConnell Unit's operational schedule deprived him of the requisite 8-hours of sleep recommended by the American Medical Association. (D.E. 58-1, pp. 1-2). On September 8, 2009, Warden Crites denied Plaintiff's Step 1 grievance, responding:

> There was an investigation conducted into your allegations regarding the building schedule. The building schedule is designed to establish and operate the facility effectively in a 24 hour day period.

(D.E. 58-1, p. 1).

On September 14, 2009, Plaintiff filed a Step 2 appeal of Grievance No. 2009221314. (D.E. 58-1, pp. 3-4). Plaintiff's Step 2 appeal was denied on September 30, 2009.

In the Opinion and Order of Dismissal entered May 7, 2013, the Court dismissed as time barred all of Plaintiff's claims arising prior to March 13, 2011. (*See* D.E. 16 at p. 7). However, as pointed out by Plaintiff in his second summary judgment response (D.E. 64), on appeal, the Fifth Circuit specifically found that Plaintiff's sleep deprivation claim "was unique to the dorm at the McConnell Unit, and he had not faced such problems

when housed in the cell between 2008 and 2012." (*See* D.E. 29, Copy of Fifth Circuit's opinion, at p. 15). Based on this finding, the Fifth Circuit found that the undersigned had erred in dismissing as time barred Plaintiff's Eight Amendment sleep deprivation claims that necessarily arose around May 2012 when Plaintiff was transferred from a cell to a dorm.[4] *Id.*

## IV. Summary judgment standard.

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence, or evaluate the credibility of witnesses. *Id.* Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in

---

[4] The Fifth Circuit did not address Plaintiff's August 28, 2009 Grievance No. 2009221314, in which Plaintiff complained about the 24-hour schedule and alleged sleep deprivation. (*See* D.E. 58-1, pp. 1-2). On this grievance, Plaintiff identified his housing as "03 Building, C-550," but does not state whether it is a dorm or a cell. Regardless, as discussed in more detail below, a grievance filed in 2009 does not remain "active" to exhaust future claims on the same issue. *Johnson v. Johnson,* 385 F.3d 503, 521, n. 13 (5th Cir. 2004).

evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." *Anderson*, 477 U.S. at 250-51.

The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material. Only disputes over

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

### A. Exhaustion.

Defendant moves for summary judgment to dismiss Plaintiff's sleep deprivation claim for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). (D.E. 50). The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S. C. § 1997e(a).

The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002). Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. *Booth v. Churner*, 532 U.S. 731, 734 (2001); *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001). A prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006). Because exhaustion is an affirmative defense, inmates are not required to plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 215 (2006).

The TDCJ provides a two-step procedure for presenting administrative grievances. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) (per curiam). The Fifth Circuit requires that both steps be completed in order to file suit in federal court. *Johnson v. Johnson*, 385 F.3d 503, 515-16 (5th Cir. 2004). Step 1 requires the inmate to present an administrative grievance at his unit within fifteen days from the date of the complained-of incident. *Id.* at 515. The inmate should then receive a response from the unit official, and if unsatisfied with the response, the inmate has ten days to appeal by filing a Step 2 grievance, which is handled at the state level. *Id.*

Plaintiff contends that he exhausted his Eighth Amendment sleep deprivation claim when he filed Grievance No. 2009221314 with prison officials on August 28, 2009. (D.E. 58-1, pp. 1-2). Grievance No. 2009221314 was denied on September 8, 2009 at the unit level, and on September 30, 2009, his Step 2 appeal was denied by the Regional Director. *Id.* at 2, 3-4. The Fifth Circuit expressly found that Plaintiff's sleep deprivation claim was not barred by limitations. (D.E. 29, p. 15). However, in doing so, the appellate court implicitly held that Plaintiff's sleep deprivation claim arose after Plaintiff "had moved from a cell to a dorm in the McConnell unit around May 2012, less than a year prior to the filing of his complaint." *Id.* That is, the grievance filed by Plaintiff in August 2009 did not serve as a standing objection to Plaintiff's future complaints on the same issue. Indeed, in *Johnson*, the Fifth Circuit specifically rejected the idea that a previously filed grievance could remain in perpetuity to exhaust future claims:

> We pause to observe that we do not here hold that a grievance filed in response to one particular incident automatically exhausts claims that arise from future incidents of the same

> general type. Thus, an inmate who claims to have been beaten by guards (or, for that matter, not protected by guards) once one month and again the next month can rightfully be expected to grieve both incidents , following TDCJ's fifteen-day rule in each case. Nor do we hold that Johnson would not be required to file additional grievances for future incidents that reflect a different problem.

*Johnson,* 385 F.3d at 521, n. 13.

In this case, the Fifth Circuit specifically denied limitations based on its finding that Plaintiff's sleep deprivation claims arose in May 2012 after he was moved from a cell to a dorm. Under *Johnson,* the August 2009 grievance cannot provide adequate notice to prison officials of Plaintiff's sleep deprivation claims arising in May 2012. Moreover, almost a year before, on August 19, 2011, Plaintiff filed Grievance No. 2011222606 in which he complained that the McConnell Unit officers engaged in "sensory deprivation tactics" by turning on bright cell lights every hour to deprive Plaintiff of sleep. (D.E. 50-1, pp. 2-3). That is, Plaintiff knew it was necessary to raise his claims in a timely grievance in conjunction with the grieved conduct and he attempted to do so in Grievance No. 2011221606. However, after filing that Step 1 grievance, Plaintiff failed to file a Step 2 appeal. Between January 2011 and January 2013, Plaintiff filed eleven (11) Step 2 grievances but none of those grievances was an appeal of Grievance No. 2011222606 or raised his sleep deprivation claim. *Id.*

Although Plaintiff did properly exhaust his sleep deprivation claim in 2009, those grievances do not serve to exhaust his May 2012 complaints alleging sleep deprivation. *Johnson,* 385 F.3d at 521, n. 13. As to his 2012 complaints, Plaintiff has failed to exhaust his administrative remedies as required by the PLRA.

The Fifth Circuit has recognized that the exhaustion requirement may be excused in "circumstances where administrative remedies are inadequate because prison officials have ignored or interfered with a prisoner's pursuit of an administrative remedy." *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982). Further, a prisoner's failure to exhaust "may be excused where dismissal would be inefficient or would not further the interests of justice or the purposes of the exhaustion requirement. *Underwood v. Wilson,* 151 F.3d 292, 296 (5th Cir. 1998), overruled on other grounds by *Carbe v. Lappin,* 492 F.3d 325 (5th Cir. 2007).

There are no reasons to excuse exhaustion in this case. Indeed, the uncontroverted evidence demonstrates that Plaintiff was familiar with the grievance process and knew how to file Step 1 and Step 2 grievances. (*See* D.E. 50-1, 50-2). Plaintiff elected to not file a Step 2 appeal of his August 2011 grievance, Grievance No. 2011222606, and there is nothing in the record to excuse exhaustion. Moreover, were he permitted to exhaust his claims now, his attempts would be denied because his claims would be barred by the applicable two-year statute of limitations. Thus, it is respectfully recommended that Defendant's motion for summary judgment be granted, and that Plaintiff's claim against Defendant be dismissed with prejudice for failure to exhaust administrative remedies.[5]

---

[5] Generally, a dismissal for failure to exhaust is one without prejudice; however, where the claim will be time barred, dismissal with prejudice is warranted. *See Clifford v. Gibbs,* 298 F.3d 328, 333 (5th Cir. 2002) (recognizing that a dismissal without prejudice acts as a dismissal with prejudice after limitations has run).

## V. Recommendation.

For the reasons stated above, it is respectfully recommended that the Court grant Defendant's motion for summary judgment (D.E. 50), dismiss Plaintiff's complaint for failure to exhaust administrative remedies, and that such dismissal be with prejudice. It is further respectfully recommended that Plaintiff's motions for summary judgment (D.E. 34, 49) be denied, and that the Court also deny Plaintiff's motion for sanctions. (D.E. 66).

Respectfully submitted this 1st day of October, 2014.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).