UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL GARRETT, | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 2:13-CV-70 |
| WILLIAM STEPHENS, | § § § | |
| Defendant. | § | |

## OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, a prisoner confined at TDCJ-CID's McConnell Unit, filed this lawsuit pursuant to 42 U.S.C. § 1983 on March 13, 2013, alleging a number of violations (D.E. 1). After the lawsuit was dismissed, the Fifth Circuit Court of Appeals reversed and remanded on Plaintiff's sleep deprivation claim (D.E. 28, 29). Defendant Stephens was served and filed a motion for summary judgment limited to the issue of exhaustion (D.E. 50). The Magistrate Judge recommended that the motion be granted (D.E. 67), and Plaintiff timely filed objections (D.E. 68), but the Court has not yet ruled on the recommendation.

Pending is Plaintiff's "Emergency Injunctive Relief" (D.E. 70) that will be construed as a motion for a temporary restraining order and preliminary injunction. Plaintiff claims he was retaliated against by Candace Moore, the law librarian at the

McConnell Unit, when she read his legal papers on February 25, 2015 (D.E. 69, 70). Plaintiff requests that the Court order Candace Moore, a non-party to this action, to cease terrorizing, harassing, and intimidating Plaintiff, and to cease retaliating against him. For her non-compliance, Plaintiff requests a sanction of $50 per day.

### Standard

In order to obtain a preliminary injunction under Federal Rule of Civil Procedure 65(a), the applicant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Texans for Free Enterprise v. Tex. Ethics Comm'n*, 732 F.3d 535, 536-37 (5th Cir. 2013). Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal,* 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted), *cert. denied,* 134 S. Ct. 1789 (2014). Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted).

### Discussion

As to the first factor, even assuming that Plaintiff could demonstrate a likelihood of success in his lawsuit, the injunctive relief requested by Plaintiff is unrelated to his lawsuit. He seeks an order that Candace Moore, a non-party to this action, be ordered to cease terrorizing, harassing, and intimidating Plaintiff, and to cease retaliating against

Plaintiff. Plaintiff's motion for leave to amend his complaint to add retaliation claims to this lawsuit against Candace Moore was denied by the Magistrate Judge because this lawsuit is over two years old and the events about which Plaintiff complains just occurred on February 25, 2015.

Plaintiff must first exhaust his administrative remedies as to Candace Moore, file a retaliation lawsuit against her, and request injunctive relief in that lawsuit. The Court has no jurisdiction to order injunctive relief against a non-party, even assuming Plaintiff could show she was motivated by retaliatory intent.

As to the second factor, Plaintiff has not alleged any irreparable harm for which there is no remedy at law, such as monetary compensation. *Deerfield Med. Center v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981). Plaintiff has not been denied access to the courts, and he has not cited authority that makes it illegal for TDCJ employees to read papers in his cell. Plaintiff has not alleged any harm, injury, or prejudice to him.

On the third and fourth factors, Plaintiff has failed to show that his interest in injunctive relief outweighs the interest of the prison in maintaining safety and security at the prison. It would not serve the public's interest for the courts to micro-manage the job of the law librarian at the unit. *See Kahey v. Jones*, 836 F.2d 948, 951 (5th Cir. 1988) (federal courts defer to prison administrators concerning day-to-day operations in absence of a constitutional violation).

Plaintiff has not carried his burden as to the four factors. Accordingly, Plaintiff's construed motion for a temporary restraining order and preliminary injunction (D.E. 70) is denied.

SIGNED and ENTERED this _____ day of 3/23/15 , 2015.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE