United States District Court
Southern District of Texas
**ENTERED**
January 05, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL  GARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-70 |
| | § | |
| WILLIAM  STEPHENS, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING IN PART AND REJECTING IN PART**
**<u>MEMORANDUM AND RECOMMENDATION</u>**

Pending before the Court are Plaintiff Michael Garrett's (Plaintiff's) Motions for Summary Judgment (D.E. 34, 49), Defendant William Stephens' (Defendant's) Motion for Summary Judgment Limited to the Defense of Exhaustion of Administrative Remedies (D.E. 50), and Plaintiff's Motion for Sanctions (D.E. 66).  On October 1, 2014, United States Magistrate Judge B. Janice Ellington filed her Memorandum and Recommendation (M&R) regarding the motions for summary judgement.  (D.E. 67). Judge Ellington recommends that the Court grant Defendant's motion for summary judgment and dismiss with prejudice Plaintiff's complaint for failure to exhaust administrative remedies.   Judge Ellington further recommends that the Court deny Plaintiff's motions for summary judgment and motion for sanctions.

The Court received Plaintiff's timely-filed objections (D.E. 68) to the M&R on October 16, 2014.  Plaintiff objects to the Magistrate Judge's finding that he failed to exhaust his administrative remedies.  Plaintiff explains for the first time that he did not file his Step 2 Grievance because of the Texas Department of Criminal Justice's

(TDCJ's) Instructions on How to Write and Submit Grievances, which instructs prisoners not to grieve matters that cannot be grieved.  D.E. 68, p. 6.  On TDCJ's response to Plaintiff's Step 1 Grievance, the box "The issue presented is not grievable" was checked without further explanation.  D.E. 68, p. 8.  According to the instructions on the form, rejection because the issue is not grievable does not permit correction and resubmission.  *Id*.  Plaintiff asserts that he took this to mean that he had no right to further grieve this "non-grievable" issue, including by resubmitting the matter as a Step 2 Grievance.[1]  D.E. 68.  He further indicates that he feared sanctions if he continued to grieve a non-grievable issue.  Defendants did not respond to Plaintiff's objections.

"Although issues raised for the first time in objections to a magistrate's report are generally not properly before the district court, a district court may construe the presentation of an issue in this posture as a motion to amend the underlying pleading." *Hale v. Young*, 584 F. App'x 246, 247 (5th Cir. 2014) (citations omitted).  The Court exercises its discretion to allow this additional argument.

A plaintiff must generally exhaust administrative remedies regarding conditions of confinement before filing a civil action on the issue.  Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1977(e); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002).  A prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process.

---

[1]  Plaintiff also suggests that he should be excused from the Step 2 requirement because he filed a Step 2 grievance in connection with his 2009 grievance on the same or similar issue of sleep deprivation and because he filed Step 2 grievances on other unrelated matters.  These arguments have no merit and are not further considered here.  *Johnson v. Johnson*, 385 F.3d 503, 521 n.13 (5th Cir. 2004) (separate instances of the same complaint must be grieved separately).

*Booth v. Churner*, 532 U.S. 731, 734 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

The Fifth Circuit has found administrative remedies to be unavailable when prison authorities refuse or fail to give an inmate the appropriate grievance forms despite his requests. *Aceves v. Swanson*, 75 F. Appx. 295, 296 (5th Cir. 2003). Other circuits have likewise found that the misconduct of prison officials with regard to an inmate's grievances precludes a defendant from raising failure to exhaust as an affirmative defense. *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003); *Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004), *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996-97 (6th Cir. 2004). Thus, an administrative remedy is not "available" under 1997(e) when prison officials prevent a prisoner from utilizing it.

While there is no evidence that TDCJ's response to Plaintiff's grievance constituted any type of misconduct, the Court finds that when TDCJ's forms and instructions inadvertently mislead a prisoner and cause the prisoner to reasonably misconstrue the requirements for exhaustion, a failure to exhaust administrative remedies can be excused. *See Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982) (The exhaustion requirement may be excused in "circumstances where administrative remedies are inadequate.) The instructions regarding the right to grieve and the procedure for doing so should be clear and consistent, given that most prisoners will not have legal training and such matters are to be construed liberally in their favor. *E.g., Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The Court FINDS that, under the record presented here, Plaintiff's failure to exhaust administrative remedies is excusable.  Plaintiff's objection to dismissal on the basis of a failure to exhaust administrative remedies is **SUSTAINED** and Defendants motion for summary judgment on that basis (D.E. 50) is **DENIED**.

Also, pending before the Court is Plaintiff's Motion for Sanctions (D.E. 66) for Defendant's alleged violations of Federal Rules of Civil Procedure 11 and 37.  The Magistrate Judge recommended denial and Plaintiff has not objected to that recommendation.  The Court **DENIES** Plaintiff's motion for sanctions (D.E. 66).

With respect to Plaintiff's motions for summary judgment (D.E. 34, 49), the Court agrees that Plaintiff's motions are premature and that he has not demonstrated that there are no disputed issues of material fact regarding his claims for sleep deprivation.  See D.E. 39, 55.  Plaintiff's motions (D.E. 34, 49) are **DENIED** without prejudice.  The stay of discovery and deadlines is hereby lifted, and the parties are instructed to proceed to prepare this matter for trial.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which objections were specifically directed, this Court **SUSTAINS** Plaintiff's objection to the finding that he failed to exhaust administrative remedies.  Defendant's Motion for Summary Judgment (D.E. 50) is **DENIED.**  Plaintiff's Motion for Sanctions (D.E. 66) is **DENIED**.

ORDERED this 5th day of January, 2016.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE