United States District Court
Southern District of Texas
**ENTERED**
May 23, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL  GARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-70 |
| | § | |
| WILLIAM  STEPHENS, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER DENYING APPLICATION FOR A PRELIMINARY INJUNCTION

Plaintiff, a prisoner confined at TDCJ-CID's McConnell Unit, filed this lawsuit pursuant to 42 U.S.C. § 1983 on March 13, 2013, alleging that the schedule for running the unit did not allow him sufficient sleep and he suffered fatigue and injury because of it (D.E. 1).  A motion for summary judgment on the merits of his claim is pending (D.E. 101).  On April 25, 2016, Plaintiff filed a letter request for a preliminary injunction (D.E. 108), claiming he was being retaliated against and not allowed sufficient time in the law library.  He requests that the Court order TDCJ staff and F. Almenderez to stop retaliating against him and to stop refusing him law library time (D.E. 108).

### Standard

In order to obtain a preliminary injunction under Fed. R. Civ. P. 65(a), the applicant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest.  *Texans for Free*

*Enterprise v. Texas Ethics Comm'n*, 732 F.3d 535, 536-37 (5th Cir. 2013).  Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance.  *Sepulvado v. Jindal,* 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted), *cert. denied,* 134 S.Ct. 1789 (2014).  Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered.  *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted).

### Discussion

Plaintiff cannot meet his burden as to all of the four factors.  As to the first factor, Plaintiff must demonstrate a likelihood of success on the merits of his lawsuit. *Sepulvado,* 729 F.3d at 417.  The Court notes first that the injunctive relief requested by Plaintiff is unrelated to his lawsuit.  He alleges that F. Almenderez and other unit staff are not permitting him sufficient law library time in retaliation for his lawsuit.  The instant lawsuit alleges sleep deprivation, and the named Defendant William Stephens is the Director of the Texas Department of Criminal Justice, Criminal Institutions Division. Plaintiff has not named in this lawsuit Almenderez or any other unit staff he claims are retaliating against him.  Plaintiff has not described any facts that support his opinion that he is being subject to retaliatory actions.  But for purposes of this motion, the Court will assume that Plaintiff can demonstrate a likelihood of success on the merits.

As to the second factor, Plaintiff has not alleged any irreparable harm for which there is no remedy at law, such as monetary compensation.  *Deerfield Med. Center v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981).  Plaintiff has not been denied

2 / 4

access to the courts.  Plaintiff's difficulties in scheduling law library time have not resulted in any harm, injury, or prejudice to him.  The filing of this lawsuit, the granting of *in forma pauperis* status, the setting of an evidentiary hearing, and the filing of motions citing authority are all evidence that Plaintiff has access to law library time sufficient to address this lawsuit.  He has missed no deadlines.  *See Lewis v. Casey*, 518 U.S. 343, 355 (1995) (in an access to courts claim, inmate must show injury, i.e. that he was denied the tools to attack his sentence, directly or collaterally, or denied the tools to challenge conditions on confinement).  Plaintiff timely filed his response to the motion for summary judgment, and did not complain that he was unable to sufficiently research the issues raised in the motion for summary judgment.  With his response, Plaintiff was able to obtain and to file affidavits signed by 46 other inmates.  At this point in the litigation, Plaintiff has no immediate need for law library time, and his generalized complaints about the quality of the law library materials is simply irrelevant.  Plaintiff has failed to demonstrate any irreparable injury.  Plaintiff is free to exhaust his administrative remedies as to any perceived retaliatory actions against him and to file a lawsuit related to those claims.

On the third and fourth factors, Plaintiff has failed to show that his interest in additional law library time outweighs the interest of the prison in maintaining safety and security at the prison.  Ordering the law library personnel to adhere to a specific schedule of law library time would utilize valuable prison resources, and it would not serve the public's interest for the courts to micro-manage the movement and assignment of prisoners.  *See Kahey v. Jones*, 836 F.2d 948, 951 (5th Cir. 1988) (federal courts defer to

prison administrators concerning day-to-day operations in absence of a constitutional violation).  Moreover, Plaintiff's complaint that he may suffer irreparable harm in the future is speculative only.

Plaintiff has not carried his burden as to all four factors.  Accordingly, Plaintiff's letter motion for a preliminary injunction (D.E. 108) is denied.

ORDERED this 23rd day of May, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE