United States District Court
Southern District of Texas
ENTERED
March 20, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL GARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-70 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**

Plaintiff Michael Garrett (Garrett) is a prisoner housed in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID) McConnell Unit and he has sued the TDCJ-CID Director,[1] complaining of the conditions of his confinement. In particular, he alleges that the prison schedule, noise, light, and inmate counts prevent him from getting more than four hours of continuous sleep and that six hours of sleep is a basic need, part of the minimal civilized measure of life's necessities. He contends that sleep deprivation presents serious health risks and that Defendant is deliberately indifferent to that health risk. Garrett seeks declaratory and injunctive relief to require administrative changes that expand the amount of continuous sleep he can get.

Pending before the Court is Defendant's Motion for Summary Judgment (D.E. 101). The Motion challenges whether Garrett can establish (1) a violation of the Eighth Amendment and/or (2) entitlement to injunctive relief. On December 9, 2016, United States Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation

[1] When this action was filed in March 2013, Rick Thaler was TDCJ-CID Director. *See* D.E. 1, 16. In June 2013, William Stephens became TDCJ-CID Director. *See* D.E. 32. Effective May 1, 2016, Lorie Davis replaced William Stephens as TDCJ-CID Director and she is the current Defendant.

to Deny Defendant's Motion for Summary Judgment (D.E. 118), finding that Garrett had raised disputed issues of material fact regarding both his right and his remedy. After obtaining an extension of time, Defendant timely filed objections (D.E. 127) on January 11, 2017, to which Plaintiff has responded (D.E. 130).

Defendant's objections are not clearly itemized. However, the Court has extracted from her briefing the following issues:

A. Whether the *Walker* case is binding precedent and dictates a different result;

B. Whether the Magistrate Judge is permitted to treat sleep deprivation as a substantial health risk on this record;

C. Whether Garrett's evidence, on which the Magistrate Judge relied, is competent;

D. Whether the Magistrate Judge misplaced the burden of proof on this record; and

E. Whether this action is barred by limitations.

The Court considers each objection below and concludes that the objections are without merit. Defendant's motion for summary judgment should be, and is, DENIED.

**DISCUSSION**

**A. Walker is Not Binding, Requiring a Different Result.**

In the context of nearly identical allegations, the Fifth Circuit dismissed a prisoner's sleep deprivation claim in *Walker v. Nunn*, 456 Fed. App'x 419 (5th Cir. 2011) (per curiam). The Fifth Circuit determined that the *Walker* "opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4." *Id.*, fn*. That rule states that such opinions "are not precedent, except under

the doctrine of res judicata, collateral estoppel or law of the case (or similarly to show double jeopardy, notice, sanctionable conduct, entitlement to attorney's fees, or the like)."

On May 7, 2013, the Magistrate Judge dismissed Garrett's case as failing to state a claim upon which relief could be granted. D.E. 16. That decision was largely based upon the *Walker* decision. On appeal, the Fifth Circuit reversed and remanded, stating,

> *Walker* constitutes persuasive authority yet was decided on summary judgment on a developed record, and it nowhere indicates how many hours were devoted to sleep (presumably more than four) under the prison schedule at issue. Analysis of deprivation of "the minimal civilized measure of life's necessities" and "deliberate indifference" are fact-intensive inquiries not easily determined without discovery.

*Garrett v. Thaler*, 560 Fed. App'x 375, 379 n.3 (5th Cir. 2014) (citations omitted).

Thus in light of the Fifth Circuit's designation of *Walker* as an unpublished opinion and *Walker's* analysis applying to the specific allegations in that case, it is clear that *Walker's* holding is not binding here. In fact, its scope is questionable, given its lack of specificity regarding the amount of sleep at issue. However, it remains persuasive authority and must be carefully considered when evaluating the facts developed on this record.

The Court rejects Defendant's argument that *Walker* dictates any particular result because varying facts may justify different relief, even under its subsidiary holdings. The Court further rejects Defendant's contention that, as determined in *Walker*, the exact prison schedule at issue passes constitutional muster because it is reasonably related to Defendant's penological interests. This issue is discussed more fully below. These are

fact-intensive issues that must be addressed on an individual case-by-case basis. Defendant's first objection is OVERRULED.

**B. Sleep Deprivation is a Substantial Health Risk.**

The Magistrate Judge held that, as a matter of law, sleep is one of life's basic needs, deprivation of which can state an Eighth Amendment claim. D.E. 118, p. 7. For this proposition, she cited case law from the Second Circuit, Northern District of New York, and the District of Delaware. Defendant dismisses those cases as "of dubious value" and argues that this proposition conflicts with *Walker*, which should be binding on this Court (an argument already rejected).

*Walker* does not reject sleep claims in their entirety. Quoting a prior case, both *Walker* and the previous appellate opinion on this case recite, "Sleep undoubtedly counts as one of life's basic needs." *Walker, supra* at 421 (quoting *Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999)); *Garrett*, 560 Fed. App'x 378 (same). The dismissal of the claim in *Walker* was not based on the failure to identify a serious health risk but on the lack of evidence of deliberate indifference. Furthermore, defendants could not be held liable for the acts of subordinate employees because the prisoner had not demonstrated the elements of a failure to supervise claim.

Evidence of the health risks of sleep deprivation are apparent from the analysis of the Center for Disease Control (CDC), as posted on its website. Courts are permitted to take judicial notice of information appearing on government websites, if the information is not subject to reasonable dispute because it can be accurately determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); e.*g.*, *Ball v.*

*LeBlanc*, 792 F.3d 584, 591 (5th Cir. 2015) (approving the district court's taking of judicial notice of the website materials on the National Weather Service's website relating to the correlation between heat and death in adjudicating a claim that involved atmospheric heat at the prison); *Gent v. CUNA Mut. Ins. Soc'y*, 611 F.3d 79, 84 (1st Cir. 2010) (taking judicial notice of material on CDC website regarding Lyme disease—cause, symptoms, and treatment).

The Court agrees with the Magistrate Judge that sleep deprivation can support an Eighth Amendment claim and that CDC website materials may be used to support the determination of whether there is a disputed issue of material fact regarding the amount of sleep required as a basic life necessity and the health risks associated with sleep deprivation, along with whether Defendant should have been aware of this obvious health risk. It thus rejects Defendant's argument that this statement of the law is based on "dubious" extra-jurisdictional cases or conflicts in any way with *Walker*. The Court OVERRULES Defendant's second objection, which asserts that the claim of a substantial health risk was not properly made on this record.

**C. Garrett's Evidence is Competent.**

Defendant claims that Garrett's *Spears* hearing testimony may be treated as allegations, but not as factual evidence. By relying on those mere allegations, the Magistrate Judge inverted the burden of proof, requiring Defendant to disprove Garrett's allegations in a no-evidence summary judgment challenge. Defendant contends that the Magistrate Judge thus reached the wrong result.

Verified pleadings and *Spears* hearing testimony given under penalty of perjury are both matters related to allegations that also serve as competent summary judgment evidence. *Walker, supra* at 425; *see also Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir.2003); *Grimon v. Collins*, 30 F.3d 1491 (5th Cir. 1994). The Court OVERRULES Defendant's third objection as addressed to the competency of Garrett's *Spears* hearing testimony as summary judgment evidence.

**D. Defendant Failed to Satisfy its Burden.**

Defendant argues, "In sum, the plaintiff in *Walker* not only offered more compelling allegations than in this case, but offered vastly superior evidence to support them." D.E. 127, p. 4. The question here is not whether the case stated is more or less compelling than the *Walker* case. Rather, the Court must determine if Garrett supplied some evidence on each element of his claims sufficient to raise a disputed issue of material fact.

The only element that Defendant challenges as missing is deliberate indifference. Defendant does not appear to attack the sufficiency of the evidence to raise a disputed issue of material fact, but rather questions whether *Walker*, as a matter of law, preempts the issue. Defendant argues that *Walker* determined that the exact prison schedule at issue here passes constitutional muster. However, *Walker* was determined on its own record and this Court must evaluate the evidence on a case-by-case basis. *Garrett*, 560 Fed. App'x at 379 n.3.

As already discussed, *Walker* is not binding and did not insulate any issue from future consideration. It ruled in favor of the prison—on that record—because its Director

negated the element of deliberate indifference by testifying regarding the need for the particular 24-hour prison schedule as a legitimate penological interest. Walker failed to controvert that evidence. *Walker, supra* at 423. Thus there was no disputed issue of material fact for the jury to determine.

Here, there is no evidence addressing any alleged legitimate penological interest to support the particular schedule established with only small blocks of time for sleep. Defendant's evidence addresses only Garrett's overall prison schedule (D.E. 101-1), his work schedule (D.E. 101-2), and the Warden's assurance that Garrett is not required by any rule or policy of the prison to actively participate in prisoner counts. Nothing addresses why there is no block of time exceeding four hours in which noise, light, and meal times are not likely to interrupt sleep. Nothing controverts Garrett's testimony that guards' use of high-powered flashlights during counts wakes him unnecessarily, even if he does not have to actively participate in the counts.

Defendant does not contend that this record contains evidence of a legitimate penological interest. Instead, she argues that any requirement that she proffer evidence to that effect constitutes an impermissible reversal of the burden of proof. But that is not an accurate application of the law. Plaintiff's burden is to show that the condition of confinement violates a constitutional right. It is then Defendant's burden to identify a legitimate penological interest that supports a finding that the decision was a reasonable infringement of Plaintiff's rights under circumstances of incarceration. *E.g.*, *Fontroy v. Beard*, 559 F.3d 173, 177–78 (3d Cir. 2009); *Salahuddin v. Goord*, 467 F.3d 263, 274–75 (2d Cir. 2006); *Akers v. McGinnis*, 352 F.3d 1030, 1048 (6th Cir. 2003).

Defendant's burden is a light one—to supply a rationale as to how the constitutional intrusion is related to a penological interest. *Fontroy, supra*. It has been described as a "relatively limited burden of identifying" the interest. *Salahuddin, supra*. But it must be more than a conclusory assertion. *Fontroy, supra*. Once that is done, Defendant's policy is entitled to substantial deference and the burden of proof returns to Plaintiff. *Fontroy, supra*; *Salahuddin, supra*; *Akers, supra*. Plaintiff must then demonstrate that the prison policy should nevertheless be rejected, based on (1) whether the stated rationale withstands scrutiny; (2) whether inmates have an alternative means of exercising their constitutional right; (3) what burden on prison resources would be imposed by accommodating the right; and (4) whether alternatives to the regulation can fully accommodate the inmate's rights at de minimis cost to valid penological objectives. *Akers, supra* (citing *Turner v. Safley*, 482 U.S. 78, 90 (1987)).

Because Defendant did not claim any legitimate penological interest for the particular schedule, Plaintiff was not put to his proof on the four issues used to test the necessity for any impingement of his constitutional right to sufficient sleep. This is precisely where *Walker* is distinguishable. In *Walker*, the defendant claimed a penological interest, but the inmate did not then offer evidence on any of the four methods for challenging whether that interest supported the constitutional intrusion. The prison in *Walker* won that issue by default so the *Walker* case does not pretermit the question here.

The Magistrate Judge did not reverse the burden of proof nor did she "default" on considering the legitimate penological interest. Defendant simply failed to address the

issue. Plaintiff demonstrated some evidence that his Eighth Amendment rights were violated and thereby shifted the burden to Defendant to identify a legitimate interest for the policies affecting Plaintiff's sleep. Only after that interest was identified would the burden shift back to Plaintiff to show that the policy was not appropriate under all of the circumstances. The Court OVERRULES Defendant's fourth objection regarding the evidence and the placement of the burden of proof.

**E. This Action is Not Barred by Limitations.**

Garrett has submitted sufficient evidence to raise disputed issues of material fact regarding whether he was deprived of the minimal civilized measure of life's necessities through Defendant's deliberate indifference to the substantial risk caused by the restrictions on his ability to sleep for at least six continuous hours—a basic human need. Defendant suggests that, if Plaintiff has a claim, it accrued when the prison schedule was changed in 2000. Because that was thirteen years prior to his filing of this action, the case is barred by limitations. D.E. 127, p. 7.

The limitations bar is an affirmative defense and Defendant did not plead it in her answer (D.E. 36). Fed. R. Civ. P. 8(c). Neither did her motion for summary judgment address it. D.E. 101. Furthermore, a cause of action for a continuing tort such as Garrett alleges does not accrue until the defendant's tortious act ceases. *Upjohn Co. v. Freeman*, 885 S.W.2d 538, 542 (Tex. App.--Dallas 1994, writ denied), cited with approval by *Tuft v. Texas*, 410 F. App'x 770, 774 (5th Cir. 2011). Without pleading this defense, seeking a judgment on the basis of the defense, and briefing the matter of a continuing tort,

Defendant has not demonstrated any error on the basis of limitations. The Court OVERRULES Defendant's fifth objection.

**CONCLUSION**

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Defendant's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Defendant's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Defendant's Motion for Summary Judgment (D.E. 101) is **DENIED**.

ORDERED this 20th day of March, 2017.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE