UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MICHAEL GARRETT,** *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 2:13-CV-00070 |
| **LORIE DAVIS,** *Defendant.* | § § § | |

## DEFENDANT'S PROPOSED FINDINGS OF FACT & CONCLUSIONS OF LAW

Defendant Lorie Davis, by and through the Office of the Attorney General for the State of Texas, respectfully submits her Proposed Findings of Fact and Conclusions of Law.

## PROPOSED FINDINGS OF FACT

1. The McConnell Unit is a maximum-security prison unit that houses roughly 2,800 offenders. Transcript, Vol. 1 at 139.

2. Offenders at the McConnell Unit range in custody level from G1 to Administrative Segregation and Safekeeping. Transcript, Vol. 1 at 140.

3. The McConnell Unit's building schedule serves to maintain the safety and security of staff and offenders. Transcript, Vol. 2 at 50.

4. Additionally, the Unit's building schedule ensures that the daily operations and duties of the facility are executed in a safe and organized manner. Transcript, Vol. 2 at 50.

5. The 24-hour building schedule is an agency-wide policy created by TDCJ administration in Huntsville. Transcript, Vol. 1 at 120.

6. The building schedule may be adjusted, to some extent, by the Senior Warden on the Unit. Transcript, Vol. 1 at 120.

7. Building schedules are adjusted by the Senior Warden with the assistance of all Department heads and administrative team on the Unit, this is done to ensure that all

security, programming, and department needs are appropriately addressed. Transcript, Vol. 1 at 117, 119.

8. Under the McConnell Unit 24-hour building schedule, first meal begins at 3:30am. Transcript, Vol. 1 at 193; Exhibit 2, McConnell Unit Building Schedule.

9. Necessities time at the Unit, when the offenders receive their clothing and linens, is undertaken at 4:00am. Exhibit 2, McConnell Unit Building Schedule.

10. Lights are turned off for Unit Rack Up at 10:30pm. Exhibit 2, McConnell Unit Building Schedule.

11. Inmates are free to sleep throughout the day when they are not at work or in class. Transcript, Vol. 1 at 147.

12. Garrett is free to sleep at any time during the day while on medical restriction and without a job. Transcript, Vol. 1 at 165–66; 191.

13. Garrett is currently on medical restriction and does not have work responsibilities, which leaves him free to sleep during the day. Transcript, Vol. 1 at 191.

14. Garrett has ample time throughout the day to nap. He returns to his cell from first meal by 4am and is free to sleep in his cell the remainder of the day. *See generally* Transcript, Vol. 1 at 190–206.

15. Noise and light levels at the McConnell Unit allow offenders appropriate and sufficient conditions to sleep. Transcript, Vol. 1 at 151–53.

16. The McConnell Unit undergoes external audit every three years by the American Correctional Association (ACA). Transcript, Vol. 1 at 151.

17. The ACA provides an independent assessment of agency achievement of industry standards, and federally mandated accreditation of correctional health care. Transcript, Vol. 1 at 151.

18. The McConnell Unit was audited in September of 2016 by the ACA and was found to be in compliance with ACA standards, specifically concerning appropriate light and noise levels. Transcript, Vol. 1 at 152–53.

19. Counts are performed to provide safety to the public, to Unit staff, and to offenders. Transcript, Vol. 1 at 142–43.

20. The Formal Count, or regular count, is a physical count of offenders at a specified time, day or night, in which all offenders assigned to an individual unit are physically counted in an organized manner. Transcript, Vol. 1 at 123.

21. The Bed Book Count is a physical count of offenders that requires a verbal response and positive identification of the offender using the offender's identification card. Transcript, Vol. 1 at 123.

22. Bed Book Counts are best conducted after rack up, when offenders are in bed, because it ensures that individuals are in the correct cell and it ensures that offenders are safe from incidents like sexual assault, suicide, medical emergencies. Transcript, Vol. 1 at 148–49.

23. The security need for Bed Book Counts is heightened at the McConnell Unit because it is a transportation hub facility that sees hundreds of offenders that arrive and depart daily. Transcript, Vol. 1 at 123–24, 141–42; Transcript, Vol. 2 at 51–52.

24. Officers are trained how to conduct counts to ensure that safety is the priority. Transcript, Vol. 1 at 130.

25. Officers are trained to announce count time and visit each cell to verify a living, breathing body. Transcript, Vol. 1 at 130.

26. If an offender does not respond to an officer during the count, the officer will knock on the cell door. This knocking is not done to inflict needless pain, but to ensure the accuracy of the count for the safety and security of the Unit. Transcript, Vol. 1 at 130.

27. Additionally, the 24-hour building schedule is necessary to facilitate the many needs of offenders, such as daily medical appointments, job assignments, religious services, law library access, meal time, shower time, and family visitations for the roughly 2800 offenders housed at the McConnell Unit. Transcript, Vol. 1 at 143–44

28. McConnell is currently staffed at 82-84 percent. Transcript, Vol. 1 at 144–45; Transcript, Vol. 2 at 52.

29. The security need for the 24-hour building schedule is increased by this understaffing because it ensures that all offenders receive their entitled meals, medical appointments, recreation, and programmatic activities while maintaining the safety of offenders and staff. Transcript, Vol. 1 at 144–45; Transcript, Vol. 2 at 52, 58-60.

30. Garrett's blood pressure, as a hypertension patient, is well controlled. Transcript, Vol. 2 at 18.

31. Not a single seizure Garrett claimed to experience was witnessed by another offender, prison staff, or medical staff. Transcript, Vol. 2 at 31.

32. Garrett's medical records do not reflect that he was ever diagnosed with a sleep disorder or prescribed sleep as a treatment for any of his other conditions. *See generally* Exhibits 10 and 11.

33. Garrett's medical records do not reflect that he ever complained of insomnia. *See generally* Exhibits 10 and 11.

## PROPOSED CONCLUSIONS OF LAW

1. Appropriate opportunities to sleep is a basic right to which offenders at the McConnell Unit are entitled. *Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999).

2. McConnel Unit's 24-hour prison schedule is designed to maintain prison security, not to inflict pain. *Encalade v. Stacks*, 9:04 CV 214, 2006 WL 1582468 (E.D. Tex. May 30, 2006) (citing *Wilson v. Lynaugh*, 878 F.2d 846, 848 (5th Cir.), cert. denied 493 U.S. 969 (1989)).

3. TDCJ has a legitimate penological interest in maintaining the 24-hour prison schedule for security, efficiency, and the safety of staff and offenders. By conducting counts to verify the identity of offender's multiple times throughout the day and night, TDCJ ensures that each offender is still incarcerated, in the proper cell, and safe. *Walker v. Nunn*, 456 F. App'x 419 (5th Cir. 2011); *Backstrom v. Thayler*, No. 2:12-CV-0116, 2012 WL 2847742 (N.D. Tex. June 26, 2012), report and recommendation adopted, No. 2:12-CV-0116, 2012 WL 2861726 (N.D. Tex. July 11, 2012); *Costilla v. Putnam*, No. 2:16-CV-57, 2017 WL 7037703, at *9 (S.D. Tex. June 26, 2017), report and recommendation adopted, No. 2:16-CV-57, 2018 WL 496958 (S.D. Tex. Jan. 19, 2018); *Covarrubias v. Foxworth*, No. 6:17CV191, 2018 WL 817322 (E.D. Tex. Feb. 8, 2018); *Fountain v. Rupert*, No. 6:15CV100, 2018 WL 4346645 (E.D. Tex. Sept. 12, 2018)

4. A prison regulation claimed to infringe an offender's constitutional rights will be upheld if it is reasonably related to legitimate penological interests. *Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir.1998) (*quoting Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)).

5. Garrett has failed to prove an Eighth Amendment violation based on the conditions of his confinement because he has not satisfied the objective and/or subjective components of such a claim. *Palmer v. Johnson*, 193 F.3d 346, 351–52 (5th Cir. 1999); *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

6. Garrett has not shown that his confinement resulted in a deprivation that was objectively sufficiently serious.

7. The McConnell Unit's 24-hour building schedule does not result in a deprivation that is a denial of the minimal civilized measure of life's necessities.

8. Garrett has not satisfied the subjective component of an Eighth Amendment conditions of confinement claim —that prison officials were deliberately indifferent to the alleged conditions and hence possessed a sufficiently culpable state of mind. *Palmer*, 193 F.3d at 352

9. Garrett has not shown that any official knew of and disregarded an excessive risk to inmate health or safety.

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*BRUCE R. GARCIA*
**BRUCE R. GARCIA**
Assistant Attorney General
Attorney-in-charge
State Bar No. 07631060
Southern District ID No. 18934
Bruce.Garcia@oag.texas.gov
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 (Phone No.)

(512) 936-2109 (Fax No.)

*/s/ Amy L. Prasad*
**AMY L. PRASAD**
Assistant Attorney General
Law Enforcement Defense Division
Texas State Bar No. 24037295
Southern District Bar No. 563045
Amy.Prasad@oag.texas.gov
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2080
Fax: (512) 370-9401


*/s/ Penny Maley*
**PENNY MALEY**
Assistant Attorney General
Texas State Bar No. 24105159
Southern District Bar No. 3305310
Penny.maley@oag.texas.gov
Assistant Attorney General
Law Enforcement Defense Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2080
Fax: (512) 370-9401

**ATTORNEYS FOR DEFENDANT LORIE DAVIS**

## CERTIFICATE OF SERVICE

I, Bruce Garcia, certify that on 19TH day of December, 2018, a true and correct copy of the foregoing was electronically filed using the Electronic Case Filing System of the Southern District of Texas, serving all counsel of record in this case.

*BRUCE R. GARCIA*
**BRUCE R. GARCIA**
Assistant Attorney General