UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL GARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00070 |
| | § | |
| LORIE DAVIS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON REMAND

Plaintiff Michael Garrett, a prisoner in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ), sued the TDCJ Director, now Bobby Lumpkin, for cruel and unusual punishment in violation of the Eighth Amendment because the prison schedule at the McConnell unit where he was incarcerated did not afford him at least six hours of continuous uninterrupted sleep. D.E. 1. On March 18, 2019, this Court entered its Findings of Fact and Conclusions of Law after a bench trial. D.E. 225. The Court found that Garrett did not meet his burden of proof to show that his sleep deprivation posed a substantial risk of serious harm or that TDCJ was deliberately indifferent to his health and safety. Neither did he show that the building schedule was an unnecessary and wanton infliction of pain.

Plaintiff filed an appeal to the Fifth Circuit Court of Appeals. During the pendency of the appeal, TDCJ reassigned Garrett to the Estelle Unit. As a result, the Fifth Circuit issued its order stating, "As we do not presently have the facts necessary to determine

mootness, we remand to the district court to determine [a] whether Garrett is similarly being deprived of sleep at the Estelle Unit and, if so, [b] whether that deprivation violates the Eighth Amendment." *Garrett v. Lumpkin*, No. 19-40559 (5th Cir. March 25, 2021). The parties have now conducted additional discovery and filed their respective briefs and accompanying evidence. D.E. 315, 316, 317, 319. The Court thus resolves the Fifth Circuit's two questions, below.

### A. Whether Garrett Is Similarly Being Deprived of Sleep at the Estelle Unit

Garrett's lawsuit is premised on the claim that he needs, and is not able to get, at least six hours of continuous uninterrupted sleep. D.E. 1. At the McConnell Unit, he was able to get only a four-hour block of sleep at night. Garrett now complains that the Estelle Unit schedule is even worse. Because of the prison schedule, he can get only three and one-half hours of sleep, which is further interrupted by hourly cell door operations, bright lights, and a bed-book count at 1:00 a.m. While minimizing the significance of these interruptions, Lumpkin does not dispute them or assert that the Estelle Unit schedule affords six or more hours of continuous uninterrupted sleep. *See* D.E. 315, pp. 73-74 (Director Miguel Martinez), pp. 199-201 (Plaintiff Garrett), pp. 231-32 (Warden Lamb), pp. 262-67 (Estelle Unit 2020 Building Schedule).[1] Consequently, it is undisputed that Garrett is similarly being deprived of sleep at the Estelle Unit.

---

[1] Warden Lamb testified that the Estelle Unit Building Schedule is substantially the same as all TDCJ units at which he has worked. D.E. 315, p. 233.

### B. Whether that Deprivation Violates the Eighth Amendment

The parties dispute whether Garrett's health has improved, deteriorated, or stayed the same at the Estelle Unit. But the question for the Court is whether he has sustained his burden of proof to show that sleep deprivation is sufficiently linked to his health complaints to establish that the TDCJ building schedule poses a substantial risk of serious harm. He has offered no new medical evidence in that regard.

Likewise, nothing in the character of the new evidence relating to the conduct of operations at the Estelle Unit suggests deliberate indifference to a serious health matter. It is true that TDCJ witnesses testified that there is no official guidance regarding healthy amounts of sleep for inmates and no policy by which inmates are to be provided a minimum amount of uninterrupted sleep. D.E. 315, pp. 40-41, 62, 65-66, 224-25, 244. However, TDCJ maintains, and the evidence reflects, that the Building Schedule is formulated for legitimate penological purposes and that inmates can choose to sleep at different times, although none are for an uninterrupted period of six hours or more. D.E. 315, pp. 59, 68, 72, 228, 231-32, 250, 252; *see also* D.E. 225. Nothing in the evidence suggests that TDCJ is engaged in conduct designed to intentionally inflict sleep deprivation on inmates.

Therefore, again, the Court concludes that Garrett has failed to meet his burden to show that his sleep deprivation is the result of a violation of the Eighth Amendment prohibition against cruel and unusual punishment.

## CONCLUSION

For the reasons set out above, the Court holds that the dispute that is the subject of Plaintiff Garrett's complaint was not rendered moot by TDCJ's transfer of Garrett from the McConnell Unit to the Estelle Unit.

ORDERED on October 21, 2022.

*Nelva Gonzales Ramos*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE